BRONSON LAW OFFFICES, P.C.
Counsel for the Debtor
480 Mamaroneck Ave.
Harrison, NY 10528
(914) 269-2530
H. Bruce Bronson, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re:

      Keith Guerzon,

          Debtor

-----------------------------------------------------------------X

Case No. :14-22171 (RDD)

Chapter 11

## <u>DISCLOSURE STATEMENT</u>

      KEITH GUERZON., debtor and debtor-in-possession (the "Debtor") submits this

Disclosure Statement (the "Disclosure Statement"), pursuant to § 1125 of Title 11 of the United

States Code (the "Code"), in connection with approval and Confirmation of the Debtor's

accompanying Plan of Reorganization of even date (the "Plan"). Unless otherwise defined, all

capitalized terms contained in the Plan shall have the same meaning for purposes of this

Disclosure Statement. The Plan has been filed with the United States Bankruptcy Court for the

Southern District of New York (the "Bankruptcy Court"). By Order dated _____,2016,

this Disclosure Statement was approved by the Bankruptcy Court as containing "adequate

information" of a kind, and in sufficient detail, to enable a hypothetical reasonable investor

typical of the Debtor's creditors to make an informed decision whether to accept or reject the

Plan.

      Accompanying this Disclosure Statement are copies of the following documents (Exhibits

A, B, and C):

**A. The Plan;**
**B. Current Balance Sheet and Liquidation Analysis of the Debtor; and**
**C. Financial Projection of the Debtor.**

## PLAN SUMMARY

The Plan is designed as a mechanism for the reorganization of Debtor. The Debtor is an individual who is employed in an executive capacity for a company that is engaged in excavation with headquarters in Stamford, CT. The Debtor will make payments to the creditors in the classes set forth herein and will devote his disposal income to the unsecured creditors for a period of five years.  Pursuant to the Plan, there will be four Classes of creditors as follows:

**Class 1**: shall consist of all Allowed Priority Claims.

**Class 2**: shall consist of the Allowed Secured Claims.

**Class 3**: shall consist of the Allowed Secured Arrears Claims

**Class 4**: shall consist of all Allowed Unsecured Claims.

In accordance with Section 1123(a)(1) of the Code, Administrative Expense Claims and Priority Tax Claims have not been classified and thus are excluded from the foregoing Classes.

## THE CONFIRMATION PROCESS

### The Confirmation Hearing

Pursuant to Section 1128 of the Code, the Bankruptcy Court has scheduled a hearing to consider confirmation of the Plan on ******, 2016 at 10:00 a.m., prevailing New York time (the "Confirmation Hearing Date"), before the Honorable Robert D. Drain at the United States Bankruptcy Courthouse, 300 Quarropas Street, White Plains, New York 10601. The Bankruptcy Court has directed that objections, if any, to confirmation of the Plan be filed and served so as to be received on or before five days prior to the Confirmation Hearing Date in the manner described

below under "Requirements for Confirmation."

At the Confirmation Hearing, the Bankruptcy Court will determine whether the requirements of the Bankruptcy Code have been satisfied. The Debtor believes that the Plan satisfies all applicable requirements of Section 1129(a).

### The Purpose of this Disclosure Statement

This Disclosure Statement and the accompanying ballot are being furnished to the Debtor's known creditors pursuant to section 1125(b) of the Bankruptcy Code in connection with a solicitation of acceptances of the Chapter 11 Plan. The Plan is incorporated herein by reference.

### DISCLAIMER

**NO PERSON MAY BE GIVEN ANY INFORMATION OR MAKE ANY REPRESENTATIONS NOT CONTAINED IN THIS DISCLOSURE STATEMENT, REGARDING THE PLAN OR THE SOLICITIATON OF ACCEPTANCES OF THE PLAN. THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT ARE MADE ONLY AS OF THE DATE HEREOF, AND THERE CAN BE NO ASSURANCE THAT THE STATEMENTS CONTAINED HEREIN WILL BE CORRECT AT ANY TIME AFTER THAT DATE. ALL CREDITORS SHOULD READ CAREFULLY AND CONSIDER FULLY THE DISCLOSURE STATEMENT BEFORE VOTING FOR OR AGAINST THE PLAN.**

**AS TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS, AND OTHER ACTIONS OR THREATENED ACTIONS, THIS DISCLORSURE STATEMENT SHALL NOT CONSTITUTE OR BE CONSTRUED AS AN ADMISSION OF ANY FACT, LIABILITY, STIPULATION, OR WAIVER, BUT RATHER AS THE EQUVIALENT OF A STATEMNT MADE IN FURTHERANCE OF SETTLEMENT NEGOTIATIONS.**

**THIS DISCLOSURE STATEMENT SUMMARIZES CERTAIN PROVISIONS OF THE PLAN, STATUTORY PROVISIONS, DOCUMENTS RELATED TO THE PLAN, EVENTS IN THE DEBTOR'S CHAPTER 11 CASE, AND FINANCIAL INFORMATION.**

**ALTHOUGH THE DEBTOR BELIEVES THAT THE PLAN AND RELATED DOCUMENT SUMMARIES ARE FAIR AND ACCURATE, SUCH SUMMARIES ARE QUALIFIED TO THE EXTENT THAT THEY DO NOT SET FORTH THE ENTIRE TEXT OF SUCH DOCUMENTS OR STATUTORY PROVISIONS. EXCEPT WHERE OTHERWISE SPECIFICALLY NOTED, FACTUAL INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS BEEN PROVIDED FROM THE DEBTOR'S BOOKS AND RECORDS AND PUBLIC PLEADINGS. ALTHOUGH DILIGENT EFFORTS HAVE BEEN MADE TO PRESENT ACCURATE AND COMPLETE INFORMATION, THE DEBTOR IS UNABLE TO WARRANT OR REPRESENT THAT**

**THE INFORMATION IS WITHOUT SOME INACCURACY OR OMISSION.**

**THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS INCLUDED FOR PURPOSES OF SOLICITING ACCEPTANCES OF THE PLAN AND MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN TO DETERMINE HOW TO VOTE ON THE PLAN.**

**THIS DISCLOSURE STATEMENT SHALL NOT BE ADMISSIBLE IN ANY NON-BANKRUPTCY PROCEEDING INVOLVING THE DEBTOR OR ANY OTHER PARTY, NOR SHALL IT BE CONSTRUED TO BE ADVICE ON THE TAX, SECURITIES, OR OTHER LEGAL EFFECTS OF THE PLAN AS TO HOLDERS OF CLAIMS AGAINST THE DEBTOR. ANY VALUE GIVEN AS TO ASSETS OF THE DEBTOR IS BASED UPON AN ESTIMATION OF SUCH VALUE. YOU ARE URGED TO CONSULT YOUR OWN COUNSEL AND FINANCIAL AND TAX ADVISORS IF YOU HAVE ANY QUESTIONS OR CONCERNS REGARDING TAX, SECURITIES OR OTHER LEGAL EFFECTS OF THE PLAN ON HOLDERS OF CLAIMS.**

**THE DISCLOSURE STATEMENT ORDER, A COPY OF WHICH ACCOMPANIES THIS DISCLSOURE STATEMENT, SPECIFIES THE DEADLINES, PROCEDURES, AND INSTRUCTIONS FOR VOTING TO ACCEPT OR REJECT THE PLAN AND FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN. A FORM BALLOT FOR VOTING ON THE ACCEPTANCE OR REJECTION OF THE PLAN IS ALSO PROVIDED HEREIWTH TO EACH HOLDER ENTITLED TO VOTE. EACH HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN SHOULD READ THE DISCLOSURE STATEMENT, THE PLAN AND THE DISCLOSURE STATEMENT ORDER IN THEIR ENTIRETY BEFORE VOTING ON THE PLAN.**

## Voting Instructions

**Generally.** The Debtor has sent a ballot with voting instructions to all creditors entitled to vote to accept or reject the Plan, along with the Plan and a copy of this Disclosure Statement, which has also been sent to all known creditors. Creditors entitled to vote should read the ballot carefully before completing, signing, and returning the ballot to the undersigned counsel.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on all creditors if accepted by creditors that are the holders of two-thirds in amount and more than one-half in number of claims in each impaired Class who actually vote on the Plan, if any. In the event the requisite acceptances are not obtained, and as explained in more detail below, the Bankruptcy Court may nevertheless confirm the Plan if (i) the Bankruptcy Court finds that the Plan accords fair

and equitable treatment, and does not discriminate unfairly, with respect to the Class rejecting it and (ii) at least one impaired Class has accepted the Plan determined without considering the acceptances of any insider, and the Plan otherwise satisfies the requirements of Section 1125(a) of the Code

**As the preceding paragraph makes evident, a successful reorganization depends upon the receipt of a sufficient number of ballots accepting the Plan. YOUR VOTE IS THEREFORE EXTREMELY IMPORTANT. Creditors should exercise their right to vote to accept or reject the Plan, if they are entitled to vote.**

**Deadline for Returning Ballots.** The Bankruptcy Court has directed that, to be counted for voting purposes, ballots for the acceptance or rejection of the Plan must be completed, signed, and received by counsel for the Debtor no later than five days before the Confirmation Hearing Date at 5:00 p.m. at the following address:

> Bronson Law Offices, P.C.
> 480 Mamaroneck Ave.
> Harrison, NY 10528
> Attn: H. Bruce Bronson

**Voting Questions.** If you have any questions regarding the provisions or requirements for voting on the Plan or require assistance in completing your ballot, you may contact Debtor's counsel, H. Bruce Bronson, Esq. at 914-269-2530 or by email at hbbronson@bronsonlaw.net.

## INTRODUCTION

Prior to the bankruptcy Petition Date (and continuing to date), the Debtor has been employed as a key executive for a company that performs excavation services for the public (the "Business"). While Debtor is not an owner of the Business his services are critical to the successful operation of the Business. Conversely, when the Business experienced a downturn around 2009, Debtor's salary was cut resulting in Debtor falling behind on his mortgage payments and finding himself with insufficient funds to pay taxes and cover all of his expenses.

Debtor filed for Chapter 13 on February 7, 2014, and proceeded to make his trustee payments and mortgage payments. Debtor stripped a second mortgage pursuant to *In re Pond,* 252 F.3d 122 (2nd Cir. 2001), and engaged in loss mitigation. Unfortunately, loss mitigation failed after many months of furnishing documents to the lender, due ostensibly to the lender's investor not allowing modifications. Further, it became obvious that Debtor exceeded Section 109(e) of the Code's debt limits for Chapter 13.

Debtor converted to Chapter 11 on January 7, 2015 pursuant to Court order (ecf docket no.:29). Jeffrey L. Sapir, Esq., served as the Chapter 13 trustee.

Debtor believes that its creditors will realize more of a return on their Claims if Debtor is allowed to reorganize through Chapter 11. Under the Plan the Allowed Secured Claims will be paid in full, the Allowed Unsecured Creditors will receive more than they would have in a Chapter 7 liquidation.

The Debtor resides with his wife, who does not work, at 18 Bayberry Road, Elmsford, NY 10523 (the "Residence"). Debtor owns the Residence with his wife tenancy by the entireties. The Residence has been appraised at $865,000 and is in arrears approximately $185,000.

## **SIGNIFICANT EVENTS DURING CHAPTER 11 CASE**

Debtor has remained employed since the filing of the bankruptcy case and has experienced an increase in income due to the Business having recently contracted for a significant amount of new work. Debtor expects further increases in income and bonuses, as well as support for the Plan from his employer. The successful Pond motion was granted while the Debtor was in Chapter 13, and loss mitigation was terminated in Chapter 13. Since Conversion, Debtor has filed all of his operating reports and is current paying the U.S. Trustee.

The Claims register shows duplicative filings of several claims including three American Express Claims and the Claim of Navient Solutions, Inc. Debtor will object to these duplicate

filings.

## PLAN SUMMARY

### UNCLASSIFIED ADMINISTRATIVE EXPENSE
### CLAIMS, U.S. TRUSTEE FEES AND PRIORITY TAX CLAIMS

Pursuant to section 1123(a)(1) of the Code, the Plan does not classify Administrative Expense Claims and Priority Tax Claims, which shall be afforded the following treatment:

1. **Administrative Expense Claims**. All Allowed Administrative Expense Claims shall be paid in full in Cash on the later of the Effective Date, and entry of an order of the Bankruptcy Court allowing the same, unless otherwise agreed upon by the parties. The primary Administrative Expense Claims consist of professional fees and expenses for the Debtor's general bankruptcy counsel, Bronson Law Offices, P.C. Professional fees and expenses comprising Administrative Expense Claims are to be paid pursuant to approved fee applications upon notice and hearing.

2. **Priority Tax Claims**. Allowed Priority Tax Claims shall be paid in full in cash over a period commencing on the Effective Date and ending on the date that is five (5) years from the Effective Date, in equal monthly installments bearing interest as provided in their respective proofs of claim. The Internal Revenue Service has filed a Priority Tax Claim in the amount of $78,422.32, bearing interest at the rate of 4%. The State of Connecticut has filed a Priority Tax Claim for in the amount of $19,464.00, bearing interest at the rate of 12% per annum. Monthly payments on

Allowed Priority Claims will be made as set forth below by the Debtor or Reorganized Debtor:

| Claimant | Total Claim | Interest (per annum) | Monthly Payment (including interest) |
|---|---|---|---|
| IRS (POC 4-3) | $78,422.32 | 4% | $1,444.27 |
| CT Tax (POC 13-1) | $19,464.04 | 12% | $ 432.97 |
| | | Total: | $1,877.24 |

    3.  **U.S. Trustee Fees**. Any unpaid U.S. Trustee Fees shall be paid on the Effective Date.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

    1. **Class 1-Allowed Priority Claims.** Class 1 consists of all Allowed Priority Claims, other than Priority Tax Claims.

    **Treatment-** The Allowed Priority Claims, if any, shall be paid in full in cash on the Effective Date. There are not expected to be any Allowed Priority Claims, other than Priority Tax Claims which are not included in this class.

    **Right to Vote.** Class 1 is Impaired under the Plan and entitled to vote to accept or reject the Plan.

    **2. Class 2-Allowed Secured Claims.** Class 2 consists of all Allowed Secured Claims.

    **Treatment**- There are two Allowed Secured Claims consisting of (1) the first mortgage on the Residence payable to HSBC Bank USA, Natl Assoc. as Trustee with a principal amount of $871,883, which will be paid pursuant to the contract rate of $5,349.46 per month for principal and interest, plus escrow for tax and insurance of approximately $1,636.95 per month (subject to increase or decrease); and (2) auto loan payable to Hudson Valley Federal Credit Union at the contract rate of $749.34 per month.

    **Right to Vote.** Class 2 is not Impaired under the Plan and not entitled to vote to accept or reject the Plan.

3. **Class 3-Allowed Secured Arrears Claim.** Class 3 consists of the Allowed Secured Arrears Claim of $184,153.

**Treatment**- The Allowed Secured Arrears Claims shall be paid over the balance of the term of the mortgage on the Residence which is currently approximately 21 years, resulting in a payment of approximately $730.77 per month. The Class 3 Claim will not bear interest.

**Right to Vote.** Class 3-The Secured Arrears Claim is Impaired and entitled to vote to accept or reject the Plan.

4. **Class 4-Allowed Unsecured Claims.** Class 4 Allowed Unsecured Claims consist of the following, subject to reduction by agreement of the parties:

| Claimant | POC No. | Claim | Amount to be paid |
|---|---|---|---|
| IRS (unsecured) | 4-3 | $3,223.75 | $419.09 |
| Second Round Limited Partner. | 1-1 | $9,816.47 | $1,276.14 |
| CERASTES, LLC | 3-1 | $1759.33 | $228.71 |
| Quantum3 Group | 5-1 | 3,407.41 | $442.96 |
| Premier /Charter 6261 | 6-1 | $541.90 | $70.45 |
| Premier /Charter 7601 | 7-1 | $589.61 | $76.65 |
| Capital One Bank 5927 | 8-1 | 3,078.35 | $400.19 |
| Sprint Corp. | 10-1 | $129.89 | $16.89 |
| Amex #1008 | 12-1 | $16,801.00 | $2,184.13 |
| Wells Fargo 2nd Mortgage | 14-1 | $100,515.39 | $13,067.13 |
| Portfolio Recov Cap One | 15-1 | $2,530.99 | $329.03 |
| Amex #1006 | 16-1 | $17,292.89 | $2,248.08 |
| Portfolio Recov Cap One-2693 | 17-1 | $2,380.99 | $309.51 |
| Amex #1007 | 18-1 | $7,128.25 | $926.67 |
| Navient Solutions | | $256,115.87 | 33,295.06 |
| | **Total:** | $425,312.92 | $       55,290.68 |

**Treatment-**The Class 4 Unsecured Claims will be paid from disposable income of Debtor on a monthly basis over 5 years. It is expected that 13% of the Allowed Unsecured Claims will be paid.

**Right to Vote.** This class is Impaired and entitled to vote to accept or reject the Plan.

## IMPLEMENTATION OF THE PLAN

Payments to holders of Allowed Claims under the Plan will be made by the Debtor from (a) Cash on hand as of the Effective Date, (b) Cash realized from the Debtor's earnings following the Effective Date, and (c) Cash contributed or loaned by third parties. Professional fees for services rendered and expenses incurred by the Debtor's attorneys subsequent to the Effective Date in connection with the Plan or the Debtor's chapter 11 case, may be paid by the Debtor without prior court approval, to the extent that Section 1123(a)(6) of the Code is applicable.

## PROVISIONS GOVERNING DISTRIBUTIONS

**1. Disbursements.** All distributions under the Plan shall be made by the Debtor.

**2. Rights and Powers of the Debtor.** The Debtor shall be empowered to (i) execute all agreements, instruments and other documents necessary to perform its duties under the Plan, (ii) direct that all distributions contemplated by the Plan be made, (iii) prosecute, settle and enforce any objections or other causes of action on behalf of the Debtor's estate, and (iv) exercise such other powers as may be deemed necessary and proper to implement the Plan.

**3. Claim Objection Deadline.** Unless otherwise ordered by the Bankruptcy Court, only the Debtor shall have standing to file and prosecute objections to Claims. All such objections shall be filed and served no later than 90 days after the Effective Date in accordance with the applicable provisions of the Code and Bankruptcy Rules.

**4. No Distribution Pending Allowance.** Notwithstanding any other provision of the Plan,

no payment or distribution shall be made with respect to any portion of a Disputed Claim until such Disputed Claim becomes an Allowed Claim by stipulation or order of the Bankruptcy Court. Instead, any monies that otherwise would be paid if a Disputed Claim were Allowed shall be retained by the Debtor until such time as the Claim is finally Allowed at which time such withheld Cash shall be paid to the holder of such Allowed Claim.

**5. Undeliverable Distributions.** If a distribution to the holder of any Allowed Claim is returned by the recipient of the distribution, no further distribution hereunder shall be made to such creditor unless such creditor notifies the Debtor in writing of its correct address. Any undeliverable distribution shall revert to the Debtor. Debtor shall make reasonable efforts to locate holders of Allowed Claims.

## MODIFICATION AND REVOCATION OF THE PLAN

The Plan may be altered, amended or modified by the Debtor at any time before the substantial consummation of the Plan, as provided in Sections 1101(a) and 1127 of the Code and Bankruptcy Rule 3019, which authorizes the proponent of a plan of reorganization to modify such plan at any time prior to confirmation of the plan so long as the plan, as modified, continues to meet certain technical requirements.

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Executory Contracts and Unexpired Leases.** To the extent the Debtor is a party to an executory contract or unexpired lease which has not otherwise been assumed or rejected prior to the Effective Date, the Confirmation Order shall constitute an Order authorizing the assumption of such Executory Contract or unexpired lease pursuant to Section 365 of the Code. In the event any lease is to be assumed that is not paid currently, Debtor will as a condition of assumption cure the lease by making payment of the amounts owed. Any party objecting to the assumption or cure amount shall have until ten days prior to the Confirmation Hearing Date to oppose such

assumption or cure amount. Debtor is not aware of any leases or executory contracts to which he is a party.

## RETENTION OF JURISDICTION

The Plan contains provisions providing for the retention of jurisdiction by the Bankruptcy Court to primarily enforce the Plan and implementation thereof through the sale of the Property as well as to determine all other matters pending on the date of confirmation.

## REQUIREMENTS FOR CONFIRMATION

Notwithstanding the entry of the Confirmation Order, the Bankruptcy Court shall retain jurisdiction until the bankruptcy case is closed to perform the following actions:

(a) Ensure that the Plan is fully consummated;

(b) Resolve all matters arising under or relating to the Plan;

(c) Allow, disallow, determine, liquidate or classify, any secured or unsecured claims;

(d) Grant or deny all applications for allowance of compensation and reimbursement of expenses by the professionals retained in the bankruptcy case;

(e) Resolve any motions or applications still pending prior to the Effective Date;

(f) Enter such orders as may be necessary or appropriate to implement or consummate the provision of the Plan and all contracts, deeds, instruments made or created in furtherance of the Plan or to enforce all orders, judgments and rulings entered in connection with the bankruptcy case; and

(g) Enter a Final Decree concluding the bankruptcy case.

## ACCEPTANCE BY THE IMPAIRED CLASSES

Under the Code, the Plan may be confirmed if each impaired Class of Claims accepts the Plan and the Plan satisfies Section 1129 of the Code. A Class is impaired if the legal, equitable or

contractual rights attaching to the claim of that Class are modified other than by curing defaults and reinstating maturities or by payment in full in Cash. Classes 1, 3 and 4 are impaired and will be entitled to vote to accept or reject the Plan.

The Code defines acceptance of a plan by a class of claims as acceptance by the holders of two-thirds in dollar amount and a majority in number of claims of that Class who actually vote to accept or reject the Plan.

### Other Plan Requirements for Confirmation

At the Confirmation Hearing in addition to reviewing the balloting (if any), the Bankruptcy Court will determine whether the requirements of Section 1129(a) of the Code have been satisfied, in which event the Bankruptcy Court will enter an order of Confirmation of the Plan. These requirements include determinations by the Bankruptcy Court that: (i) the Plan has classified Claims in a permissible manner, (ii) the contents of the Plan comply with various technical requirements of the Code, (iii) the Debtor has proposed the Plan in good faith, (iv) the Debtor has made disclosures concerning the Plan that are adequate and include information concerning all payment made or promised in connection with the Plan, (v) the Plan is in the "best interest" of all creditors, in that it provides a better recovery than a liquidation under Chapter 7 of the Code, (vi) the Plan is feasible, and (vii) the Plan has been accepted by the requisite number and amount of creditors in each class entitled to vote on the Plan or that the Plan may be confirmed without such acceptances. The Debtor believes that all of these conditions have been or will be met prior to the Confirmation Hearing.

**Best Interest Test**. The so-called "best interest" test requires that each impaired creditor either (a) accepts the Plan or (b) receives or retains under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the value such entity would receive or if the Debtor were to be liquidated under Chapter 7 of the Code.

Without Plan confirmation, a Chapter 7 trustee may be appointed to attempt to sell the Debtor's assets. The Debtor's non-exempt assets have no value and accordingly the Debtor concludes that the Plan provides a recovery, with a present value in an amount substantially greater than if a Chapter 7 trustee were appointed.

**Feasibility.** For the Plan to be confirmed, it must be demonstrated that consummation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor. Since the Debtor earns sufficient wages to carry out the Plan and the Debtor's income is increasing, the Debtor will likely be able to carry out the Plan.

Exhibit "B" sets forth a liquidation analysis. The analysis shows that the creditors are receiving at least as much as they would have in a hypothetical Chapter 7 case.

**Confirmation Without the Acceptance of Each Impaired Class.** In the event that all impaired classes do not accept the Plan, the Bankruptcy Court may nevertheless confirm the Plan under Section 1129(b) at the Debtor's request if (i) all other requirements of section 1129(a) of the Bankruptcy Code are satisfied, (ii) at least one impaired Class of Claims votes to accept the Plan without regard to any vote cast on account of a Claim held by "insiders" (as defined in the Bankruptcy Code) and (iii) as to each impaired Class which has not accepted the Plan, the Bankruptcy Court determines that the Plan "does not discriminate unfairly" and is "fair and equitable" with respect to such non-accepting Class.

A plan "does not discriminate unfairly" if the legal rights of a non-accepting class are treated in a manner that is consistent with the treatment of other classes whose legal rights are similar to those of the non-accepting class, and no class receives payments in excess of that which it is legally entitled to receive for its claims or Interests. The Debtor believes that the Plan meets these tests.

<h3 style="text-align:center">Projected "Disposable Income" Test.</h3>

Pursuant to Section 1129(a)(15)(B) of the Code, if the holder of an Allowed Unsecured Claim objects to the confirmation of the Plan, the Debtor will be required to demonstrate that the value of the property to be distributed under the Plan is not less than his projected disposable income for the five (5) year period following the Effective Date.

## FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN

Each holder of a claim or interest is strongly urged to consult with its own tax advisor regarding the federal, state, local and foreign tax consequences of the Plan. The Debtor is not providing any tax advice to creditors.

## DISCHARGE OF DEBTS

Confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in Section 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure.

## ADDITIONAL INFORMATION

Requests for information and additional copies of this Disclosure Statement, the Ballots and the other materials delivered together herewith and all deliveries, correspondence and questions, as the case may be, relating to the Plan should be directed to the Debtor's counsel, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528, attn.: H. Bruce Bronson, Esq. at 914-269-2530; hbbronson@bronsonlaw.net.

**DATED:**   Harrison, New York
          May 16, 2016


By:   /s/ Keith Guerzon
      Keith Guerzon


                                        BRONSON LAW OFFICES, P.C.

                              By:    /s/ H. Bruce Bronson
                                     H. Bruce Bronson
                                     Bankruptcy Counsel to the
                                     Debtor and Debtor-in-Possession

# EXHIBIT A
# PLAN

# (NOT INCLUDED IN DOCKETED FILE)

# EXHIBIT B
# CHAPTER 7 LIQUIDATION ANALYSIS

| ASSETS | Estimated Value (at Confirmation) | Estimated Liquidation Value |
|---|---|---|
| Cash in Dip Accounts | $10,000 | Exempt |
| Real Property | $      0 | $      0 |
| Auto | $      0 | $      0 |
| Home furnishings, Clothing and watch | $ 5,000 | Exempt |
| **Total Estimated Available for Creditors** | | $      0 |

| LIABILITIES | | |
|---|---|---|
| Priority Tax Claims | $97,886 | |
| Estimated CH 7 Commissions and Professional Fees | $20,000 | |
| **Total Available for Allowed Unsecured Claims** | | $      0 |

Accordingly, since Debtor has no exempt assets, any distribution to unsecured creditors is better than what they would have received in a hypothetical sale of non-exempt assets.

# EXHIBIT C
# DEBTOR'S FIVE YEAR PROJECTIONS

| | Aug-16 | 16-Sep | 16-Oct | 16-Nov | 16-Dec | 17-Jan | 17-Feb | 17-Mar | 17-Apr | 17-May | Jun-17 | Jul-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Income | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 |
| Taxes-20% | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 |
| Net | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 |
| Mortgage | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 |
| Escrow | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 |
| Auto-BMW | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 |
| Auto-Wife | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | |
| Repairs and Maintenance | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | |
| Food and Clothing | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | |
| Utilities | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | |
| Insurance | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | |
| Medical | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | |
| **Plan Payments** | | | | | | | | | | | | |
| Taxes IRS&CT | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 |
| Arears on Mtg | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 |
| Unsecured Claims | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 |
| Total Expenses | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | |
| NET | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | |

| | Aug-17 | Sep-17 | Oct-17 | Nov-17 | Dec-17 | Jan-18 | Feb-18 | Mar-18 | Apr-18 | May-18 | Jun-18 | Jul-18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Income | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 |
| Taxes-20% | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 |
| **Net** | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 |
| Mortgage | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 |
| Escrow | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 |
| Auto-BMW | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 |
| Auto-Wife | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | |
| Repairs and Maintenance | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | |
| Food and Clothing | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | |
| Utilities | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | |
| Insurance | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | |
| Medical | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | |
| **Plan Payments** | | | | | | | | | | | | |
| Taxes IRS&CT | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | |
| Arears on Mtg | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | |
| Unsecured Claims | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | |
| Total Expenses | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | |
| **NET** | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | |

| | Aug-18 | Sep-18 | Oct-18 | Nov-18 | Dec-18 | Jan-19 | Feb-19 | Mar-19 | Apr-19 | May-19 | Jun-19 | Jul-19 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Income | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 |
| Taxes -20% | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 | $4,324.00 |
| Net | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 |
| Mortgage | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 | $5,349.46 |
| Escrow | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 | $1,636.95 |
| Auto-BMW | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 | $749.34 |
| Auto-Wife | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | |
| Repairs and Maintenance | $419.00 | $419.00 | $419.00 | $419.00 | $419.00 | $419.00 | $419.00 | $419.00 | $419.00 | $419.00 | $419.00 | |
| Food and Clothing | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | $1,875.00 | |
| Utilities | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | $1,555.00 | |
| Insurance | $654.54 | $654.54 | $654.54 | $654.54 | $654.54 | $654.54 | $654.54 | $654.54 | $654.54 | $654.54 | $654.54 | |
| Medical | $420.00 | $420.00 | $420.00 | $420.00 | $420.00 | $420.00 | $420.00 | $420.00 | $420.00 | $420.00 | $420.00 | |
| **Plan Payments** | | | | | | | | | | | | |
| Taxes IRS&CT | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 | $1,877.24 |
| Arrears on Mtg | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 | $730.77 |
| Unsecured Claims | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 | $921.51 |
| **Total Expenses** | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | |
| **NET** | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 | $7.19 |

| | Aug-19 | Sep-19 | Oct-19 | Nov-19 | Dec-19 | Jan-20 | Feb-20 | Mar-20 | Apr-20 | May-20 | Jun-20 | Jul-20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Gross Income** | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 |
| Taxes -20% | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 |
| **Net** | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | | |
| | | | | | | | | | | | | |
| Mortgage | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | |
| Escrow | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | |
| Auto-BMW | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 |
| Auto-Wife | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | |
| Repairs and Maintenance | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | | |
| Food and Clothing | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | |
| Utilities | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | |
| Insurance | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 |
| Medical | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 |
| | | | | | | | | | | | | |
| **Plan Payments** | | | | | | | | | | | | |
| Taxes IRS&CT | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 |
| Arrears on Mtg | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 |
| Unsecured Claims | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 |
| **Total Expenses** | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | |
| **NET** | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 |

| | Aug-20 | Sep-20 | Oct-20 | Nov-20 | Dec-20 | Jan-21 | Feb-21 | Mar-21 | Apr-21 | May-21 | Jun-21 | Jul-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Income | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 | $21,620.00 |
| Taxes-20% | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 | $ 4,324.00 |
| Net | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 | $17,296.00 |
| | | | | | | | | | | | | |
| Mortgage | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 | $ 5,349.46 |
| Escrow | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 | $ 1,636.95 |
| Auto-BMW | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 | $ 749.34 |
| Auto-Wife | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Repairs and Maintenance | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | $ 419.00 | |
| Food and Clothing | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | $ 1,875.00 | |
| Utilities | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | $ 1,555.00 | |
| Insurance | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | $ 654.54 | |
| Medical | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | |
| | | | | | | | | | | | | |
| Plan Payments | | | | | | | | | | | | |
| Taxes IRS&CT | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 | $ 1,877.24 |
| Arrears on Mtg | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 | $ 730.77 |
| Unsecured Claims | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 | $ 921.51 |
| Total Expenses | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | $17,288.81 | |
| | | | | | | | | | | | | |
| NET | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 | $ 7.19 |