UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                          Chapter 11

KEITH GUERZON                              14-22171 (RDD)

                            Debtor.

---------------------------------------------------------------x

**APPLICATION IN SUPPORT OF AN ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT PURUSANT TO SECTION 1125 OF THE BANKRUPTCY CODE, <u>TOGETHER WITH RELATED RELIEF</u>**

**TO: THE HONORABLE ROBERT D. DRAIN**
     **UNITED STATES BANKRUPTCY JUDGE:**

       The Application ("Application") for the above captioned debtor and debtor in possession (the "Debtor"), by his counsel, Bronson Law Offices, P.C., respectfully represents and sets forth as follows:

1. On or about February 7, 2014 (the "Filing Date"), the Debtor filed a voluntary petition under Chapter 13of the Bankruptcy Code (the "Code").

2. On January 7, 2015, Debtor's Chapter 13 was converted to Chapter 11 because Debtor exceeded the debt limits for Chapter 13 as set forth in Section 109(e) of the Code.

3. The Debtor has continued in possession of his property and management of his affairs as a debtor-in-possession pursuant to Section 1107 of the Code.

4. No official committee of unsecured creditors, trustee or examiner has been appointed herein.

5. Debtor is an executive employee of Shawn's Lawns Inc., an excavation company based in Stamford, CT.

6. The Debtor sought and obtained an order establishing general and government bar dates in this case. By Order of the Court, dated April 14, 2015, the Order established a general claims date of May 26, 2015, for the filing of pre-petition claims (the "Bar Date").

7. On May 16, 2016, Debtor timely filed a Disclosure Statement and Plan of Reorganization.

8. By this Application, the Debtor seeks an order of this Court, substantially in the form annexed hereto as **Exhibit A** (the "Approval Order") (a) finding that the Disclosure Statement contains "adequate information" as such term is defined in section 1125(a)(1) of the Bankruptcy Code, (b) approving the Disclosure Statement (in its present form or as it may be non-materially modified prior to the hearing), (c) scheduling a hearing to consider confirmation of the Plan and (d) fixing procedures for voting on the Plan by the holders of Allowed Claims and set objection and other deadlines.

## NOTICE

9. Rules 2002(b) and 3017 of the Federal Rules of Bankruptcy Procedure require that all of the Debtor's creditors and equity security holders be given at least 28 days' notice by mail of the hearing and the time to file objections to the Disclosure Statement. Notice of this Motion (together with a copy of the proposed Approval Order) and the Plan and Disclosure Statement have been served upon the Office of the United States Trustee. In addition, a Notice of Hearing on Disclosure Statement has been served upon (a) all persons listed on the Debtor's Schedules of Assets and Liabilities (the "Schedules") as holding claims against the Debtor or his property, (b) all persons not listed on the Schedules who have filed proofs of claim in this case, (c) the Internal Revenue Service, (d) the United States Attorney for the Southern District of New York, (e) all state and

local taxing authorities in which the Debtor conducted business, and (f) and all parties having filed a notice of appearance in this case. The Debtor submits that such notice satisfies the requirements of the Bankruptcy Code, Bankruptcy Rule 2002 and the Local Rules of this Court.

10. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter the attached Order and grant the Debtor such other and further relief as is just, proper and equitable under the circumstances.

Dated: Harrison, New York
May 17, 2016

Bronson Law Offices, P.C.
Counsel for Debtor

By:/*s/H. Bruce Bronson*
H. Bruce Bronson

480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
hbbronson@bronsonlaw.net